IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**<br>1735 Markeet Street, 21st Floor<br>Philadelphia, PA 19103,<br>          Plaintiff,<br><br>     v.<br><br>**MICHAEL K. HANDLEY**<br>5573 Bristow Road<br>Timnath, CO 80547,<br>          Defendant. | CIVIL ACTION NO.  24-475 |

## COMPLAINT

1.     Plaintiff Montgomery McCracken Walker & Rhoads LLP ("MMWR" or "Plaintiff"), by its undersigned counsel, brings this action against Defendant **MICHAEL K. HANDLEY** ("Handley" or "Defendant") for failing to pay MMWR for legal services provided to Defendant.  Despite demand, and notwithstanding Defendant's acknowledgement of his debt to MMWR, Handley has failed and refused to pay in full the debt owed and as a result Defendants owes Plaintiff $143,083.30 plus interest.

## THE PARTIES

2.     Plaintiff MMWR is a Pennsylvania limited liability partnership comprised of attorneys licensed to practice law in Pennsylvania, Delaware, New Jersey, and New York, among other places.  MMWR maintains offices at 1735 Market Street, 21st Floor, Philadelphia, PA 19103.  None of MMWR's partners are citizens of state of Colorado.

1

3.  Handley is an individual citizens of the state of Colorado who resides at 5573 Bristow Road, Timnath, Colorado 80547.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this diversity matter pursuant to 28 U.S.C. Section 1332(a) as the amount in controversy exceeds $75,000 and the citizenship of the Plaintiff differs from the citizenship of the Defendant.

5.  Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b) as a substantial part of the events or omissions giving rise to the claims at issued occurred in this District.

## FACTS

6.  On or about June 10, 2022, Handley engaged MMWR to provide him with legal services in connection with a lawsuit brought by Immune Therapeutics, Inc. against him asserting securities fraud, Racketeer Influenced and Corrupt Organizations Act ("RICO"), and common law claims against him individually.  A true and correct copy of MMWR's engagement letter signed by Handley is attached hereto as **Exhibit A**.

7.  In connection with his engagement of MMWR, Handley agreed to pay MMWR for its legal services.

8.  Thereafter, MMWR provided legal services to Handley.

9.  MMWR successfully represented Handley, and on January 31, 2023 obtained a complete dismissal, *with prejudice*, of Immune Therapeutics, Inc.'s securities fraud and RICO suit against Handley.

10. During its representation of Handley, MMWR sent monthly invoices to him for its legal services.

11. Handley did not object to MMWR's monthly invoices.

12. To the contrary, Handley repeatedly promised to pay MMWR's invoices, assuring MMWR on numerous occasions that he was in the process of obtaining funds to pay MMWR's invoices.

13. For example, on January 31, 2023, following MMWR's obtaining a complete dismissal with prejudice of the Immune Therapeutics lawsuit, Handley wrote to MMWR and stated: "Thanks to you and your colleagues for all your help on this case. I will work on getting the invoices paid off asap."

14. While Handley personally paid, or authorized the payments to, MMWR for some of MMWR's legal services, a signicant outstanding balance remains.

15. Handley owes MMWR $143,083.30 for legal services.

16. On August 11, 2023, MMWR sent an email to Handley demanding the payment of the outstanding balance. Attached hereto as **Exhibit B** is a true and correct copy of the August 11, 2023 email.

17. On August 27, 2023, Handley again assured MMWR that he would pay his outstanding invoices and stated: "Let's put a time table to get the firm paid with interest. My apologies this has taken so long." Attached hereto as **Exhibit C** is a true and crrect copy of the August 27, 2023 email.

18. Handley has not disputed or contested the amount due for the legal services provided.

19. Nevertheless, despite multiple demands, Handley has failed to pay off this debt.

## CLAIM I: BREACH OF CONTRACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 above of this Complaint as if set forth fully herein.

21. Handley entered into a retainer agreement with MMWR for legal services.

22. MMWR fulfilled all of its contractual obligations under the retainer agreement. Indeed, as noted above, MMWR successfully obtained a dismissal, with prejudice, of the federal securities fraud and RICO lawsuit against Handley.

23. Handley breached his contractual duties under retainer agreement by failing to pay the balance due and owing for those legal service.

24. MMWR has been injured as proximate result of Handley's breach of contract.

25. Handley is bound by his obligation the retainer agreement to pay Plaintiff the balance owed for legal services.

## CLAIM II: UNJUST ENRICHMENT

26. Plaintiff repeats and realleges paragraphs 1 through 25 above of this Complaint as if set forth fully herein.

27. MMWR conferred a benefit (legal services) on Handley.

28. Handley's appreciated the benefits conferred by MMWR.

29. Handley's acceptance and retention of this benefit without compensating MMWR for the services provided would be inequitable, unjust and unreasonable.

30. The value of the benefit MMWR conferred on Handley is at least $143,083.30, exclusive of pre- and post-judgment interest and any other relief this Court deems just and equitable.

## CLAIM III: QUANTUM MERUIT

31. Plaintiff repeats and realleges the foregoing paragraphs 1 through 30 of this Complaint as if set forth fully herein.

32. Handley requested that MMWR preform legal services on his behalf.

33. MMWR provided legal services as expressly requested by Handley.

34. Handley accepted and utilized the legal services provided by MMWR.

35. MMWR had a reasonable expection that it would be compensated for its legal services provided to Handley.

36. The amount stated in the invoices submitted by MMWR to Handley represent a fair and reasonable value of the legal services rendered.

37. Handley's failure to pay MMWR the reasonable value for services rendered is inequitable, unfair, and unjust.

## CLAIM FOUR: ACCOUNT STATED

38. Plaintiff repeats and realleges the foregoing paragraphs 1 through 37 of this Complaint as if set forth fully herein.

39. MMWR's invoices and the August 11, 2023 demand email set forth the charges and amounts due on Handley's Account.

40. Handley received these statements without timely protest and neither objected to them nor indicated that they were erroneous.

41. Handley's emails reflect the debt due.

42. MMWR seeks damages from Handley for the account stated balance.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Montgomery McCracken Walker & Rhoads LLP request the entry of judgment in its favor and against Defendant Michael K. Handley as follows:

a. Money damages in the amount of $143,083.30 plus pre- and post-judgment interest; and,

b. Such other relief the Court deems just and proper.

Dated:  February 1, 2024

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

By: */s/ David Dormont*
David Dormont
PA I.D. Nos. 66252
1735 Market Street, 21st Floor
Philadelphia, PA  19103
(215) 772-1500
Email:  ddormont@mmwr.com
*Attorneys for Plaintiff Montgomery McCracken Walker & Rhoads LLP*